NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1338

TRENT HARVEY

VERSUS

KELLY (SINGLETON) HARVEY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 78,644, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

VACATED IN PART, AFFIRMED IN PART, AND RENDERED.

Scott Westerchil
Attorney at Law
301 South 3rd Street
Leesville, LA 71446
(337) 238-0019
  Counsel for Plaintiff-Appellee:
  Trent Harvey

E. Grey Burnes Talley
Burnes, Burnes, & Talley
P. O. Box 650
Alexandria, LA 71309-0650
(318) 442-5231
  Counsel for Defendant-Appellant:
  Kelly Harvey Grady

**PICKETT, Judge.**

The appellant, Kelly Harvey Grady, appeals a judgment of the trial court finding her in contempt of court and awarding joint custody of their daughter to her former husband, Trent Harvey.

## STATEMENT OF THE CASE

This case involves the custody of Terryn Harvey, who was born on June 24, 2007. Terryn's parents, Trent Harvey and his wife Kelly Harvey (now Grady) began divorce proceedings in October 2007. A judgment of divorce was rendered in December 2008. Since they separated, Mrs. Grady has lived in Combine, Texas and has had primary domiciliary custody of Terryn pursuant to an agreement between the parties that the court signed on February 15, 2008. In July 2008, both Mr. Harvey and Mrs. Grady filed Rules for Contempt in the trial court and sought a change in the consent decree. After filing more rules for contempt and conducting discovery, the parties entered mediation. An order modifying the original stipulated judgment was agreed to by the parties and approved by the court on April 23, 2009. A second order concerning the accounting of certain funds held on by Mr. Harvey on behalf of Terryn was approved by the court on June 4, 2009.

The matter before this court was initiated by Mr. Harvey's filing of a Rule for Contempt and To Modify Custody filed on September 16, 2009. He alleged that Mrs. Grady filed a lawsuit in Kaufman County, Texas, seeking custody of Terryn. He alleged that the lawsuit prevented him from seeing his daughter on one weekend that he was scheduled to have visitation. Further, he argued that the lawsuit was an attempt to divest the court in Louisiana of jurisdiction of this custody matter. Mr. Harvey sought to have the trial court hold Mrs. Grady in contempt. Finally, he

1

alleged a change in circumstances and asked for primary custody of Terryn. Mrs. Grady responded by filing a declinatory exception and a rule for contempt against Mr. Harvey. The declinatory exception alleged that there was a suit pending in Kaufman County, Texas regarding reimbursement of Mr. Harvey's attorney's fees and expenses relating to that suit. She argued that the consent decree regarding custody of Terryn should not be disturbed as there was not a change in circumstances to justify alteration of that agreement. Finally, Mrs. Grady asked that Mr. Harvey be held in contempt for failing to follow the order implementing the consent decree because he did not facilitate telephone access between Mrs. Grady and Terryn when Terryn was visiting him. Mrs. Grady later filed a motion asking the trial court to stay the Louisiana proceeding, as Louisiana was an inconvenient forum, and transfer the case to Texas. Mr. Harvey filed an amending rule seeking to modify custody on the further basis that Mrs. Grady had made allegations of abuse against Mr. Harvey's mother which were later invalidated. He claimed that the allegation caused Terryn to have to be examined and that the allegation was made with the intent of damaging Terryn's relationship with Mr. Harvey and his family.

The trial court held a hearing on all of these matters beginning on January 15, 2010. Before the hearing resumed on February 17, 2010, Mrs. Grady filed a rule for contempt alleging that Mr. Harvey had failed to account for money held in Terryn's name in a timely manner. The hearing was concluded on February 17, 2010. At the conclusion of the hearing, the trial court overruled the declinatory exception and denied to motion to transfer the case to Texas. It declined to hold Mr. Harvey in contempt for failure to provide to Mrs. Grady telephone access to Mr. Harvey. It did hold Mrs. Grady in contempt for failure to allow Mr. Harvey to make up a day of

2

visitation and also held Mr. Harvey in contempt for failure to account for the funds held for Terryn. It found, though, that the attorney fees and court costs were offset since both had been held in contempt. Finally, the trial court found that the inability of Mrs. Grady and Mr. Harvey to communicate effectively with each other about their daughter was a change in circumstances such that the consent decree should be modified. The trial court awarded Mrs. Grady and Mr. Harvey shared custody, with each party alternating physical custody every two weeks. It signed a judgment in conformity with its oral ruling on June 14, 2010. Mrs. Grady now appeals that judgment.

## ASSIGNMENTS OF ERROR

The appellant Mrs. Grady asserts seven assignments of error:

1. It was error for the trial court to not find Trent Harvey in contempt for denial of Kelly Grady's rights under the prior custody decree to speak with Terryn every day that he has her in physical custody.

2. It was error for the trial court to find Kelly Grady in contempt for "not facilitating the day Trent Harvey missed" in the 2009 Thanksgiving holiday period when no rule for contempt was filed or served on her before the hearing.

3. It was error for the trial court to find Kelly Grady in contempt for "not facilitating the day Trent Harvey missed" in the 2009 Thanksgiving holiday period, when the only provision for make-up was for when the child was too ill to travel.

4. It was error for the trial court to find a material change of circumstances because the parents do not communicate well, considering they have always had communication problems.

5. It was error for the trial court to find a material change of circumstances (because the parents do not communicate well) sufficient to change custody.

6. It was error for the trial court to find a material change of circumstances without a showing that the child was adversely affected by the communication problems.

3

7.    It was error for the trial court to change joint custody to shared custody without a showing that shared custody is feasible and in the child's best interest.

We note that in his brief, Mr. Harvey asserts that he has answered the appeal and seeks sole custody of his daughter. The record is devoid of any evidence that Mr. Harvey filed an answer to the appeal within fifteen days as required by La.Code Civ.P. art. 2133. Therefore, we will not consider his assignment of error.

## DISCUSSION

In her first assignment of error, Mrs. Grady argues that the trial court erred when it failed to find Mr. Harvey in contempt of court because Mr. Harvey did not allow Mrs. Grady to speak with Terryn every day that she was in his custody. Mrs. Grady claims that the parties agreed that she would be allowed a private telephone conversation each day that Terryn was in Mr. Harvey's custody. The record does not show where this agreement was memorialized. Neither the stipulated judgment of February 15, 2008, nor the orders modifying that agreement discuss telephone access to the child, except if the child is with a babysitter. Mrs. Grady points to the Implementation Plan for Joint Custody of the Thirtieth Judicial District as the source of this duty, but the record before us does not show that this plan was ever adopted in this case. In fact, this plan does not appear in the record; it is attached to Mrs. Grady's brief as an exhibit in violation of the rules of this court. *See* Uniform Rules–Courts of Appeal, Rule 2-12.4.

As we find no evidence in the record of any court order requiring Mr. Harvey to allow the telephone access which forms the basis of this assignment of error, the assignment of error necessarily lacks merit.

4

In her second and third assignments of error, Mrs. Grady complains that the trial court erred by finding her in contempt of court for failing to allow Trent to make up a day of visitation for the day he missed in November 2009. We find merit in her contention that she was never given notice that a Rule to Show Cause was issued regarding this particular conduct. *See* La.Code Civ.P. art. 225. We vacate that portion of the trial court's judgment holding Mrs. Grady in contempt of court.

Mrs. Grady argues that since we have reversed the judgement insofar as it held her in contempt, we should order Mr. Harvey to pay her court costs and attorney fees pursuant to La.R.S. 13:4611(1)(e)(iv). In assessing the appropriate sanction, we look to the conduct for which Mr. Harvey was held in contempt. The trial court found that Mr. Harvey failed to account for certain moneys held in a certificate of deposit for Terryn by the January 30, 2010, deadline in the second order modifying the original order. Mr. Harvey testified that he had cashed out the CDs when they matured on January 28, 2010, as evidenced by two checks dated February 1, 2010. Mr. Harvey testified that he received these checks about a week later, deposited them into his account, and sent a check to Mrs. Grady for half of the money. The Rule to Show Cause seeking to hold Mr. Harvey in contempt was filed on February 8, 2010. The trial court found that Mr. Harvey did not do anything wrong with the money, but he was technically in contempt for failing to account for the funds. Given the trial court's obvious reluctance to hold Mr. Harvey in contempt and the fact that the rule was heard on the same day as a previously scheduled hearing, we decline to assess penalties against Mr. Harvey.

In her final four assignments of error, Mrs. Grady attacks the judgment of the trial court which altered the custody arrangement between the parties. There is no

5

dispute here that Mr. Harvey sought to modify a stipulated judgment of custody. "[W]here the original custody decree is a *stipulated judgment*, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." *Evans v. Lungrin*, 97-541, p. 13 (La. 2/6/98), 708 So.2d 731, 738 (citing *Hensgens v. Hensgens*, 94-1200 (La.App. 3 Cir. 3/15/95), 653 So.2d 48, *writ denied*, 95-1488 (La. 9/22/95), 660 So.2d 478.

> An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). This is especially applicable in a child custody dispute wherein appellate courts accord substantial deference to the trial judge's conclusions. "The trial judge is in a better position to evaluate the best interest of a child from his observance of the parties and the witnesses and his decision will not be disturbed on review absent a clear showing of abuse." *Deason v. Deason*, 99-1811, p. 2 (La.App. 3 Cir. 4/5/00), 759 So.2d 219, 220 (citations omitted). Both the Louisiana Legislature and the Louisiana Supreme Court have made it abundantly clear that the primary consideration and prevailing inquiry is whether the custody arrangement is in the best interest of the child. *See Evans v. Lungrin*, 97-541, 97-577 (La.2/6/98), 708 So.2d 731.

*Steinebach v. Steinebach*, 07-38, p. 4 (La.App. 3 Cir. 5/2/07), 957 So.2d 291, 294.

Initially, Mrs. Grady argues that the trial court's stated reasons for finding a material change in circumstances – that the parties do not communicate well – is neither a change in circumstances nor a sufficient change to change the custody arrangement. While it may be true that the parties have had difficulty communicating since their divorce, this is the first instance where the trial court has been asked to make a custody determination. On the previous occasions where contempt rules have been filed, the parties were able to reach an agreement about the custody arrangement. But the trial court did not abuse its discretion in finding that eight different contempt orders in just over two years shows a pattern of communication

problems. Furthermore, the custody suit brought by Mrs. Grady in Texas and the abuse allegations against Mr. Harvey's mother, whether initiated by Mrs. Grady or not, show an escalation of the problems that already existed between Mr. Harvey and Mrs. Grady. As we do not find that the trial court was manifestly wrong, we will not disturb the trial court's finding that Mr. Harvey proved there was a material change in circumstances.

In her sixth assignment of error, Mrs. Grady argues that there was no showing that the lack of communication adversely affected Terryn. Mrs. Grady does not elaborate on this assignment in her brief. "All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Uniform Rules–Courts of Appeal, Rule 2-12.4. We consider this assignment of error abandoned.

In her final assignment of error, Mrs. Grady asserts that the change in custody is not in the best interest of the child. The trial court found that both parties were equally capable of rearing the child and admonished them to work together to communicate better in their future dealings with each other. We find no abuse of discretion in the trial court's finding that an award of shared custody is in the best interest of Terryn. This assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court is vacated insofar as it held Kelly Grady in contempt of court. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Trent Harvey.

**VACATED IN PART, AFFIRMED IN PART, AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

7